UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**STRIKE 3 HOLDINGS, LLC,**

    Plaintiff,

v.

**JOHN DOE,** *subscriber assigned IP address 73.196.45.127*,

    Defendant.

Civil Action No. 25-cv-17926-WJM-SDA

**OPINION**

**January 29, 2026**

**STACEY D. ADAMS, United States Magistrate Judge**

    Before the Court is a motion filed by Plaintiff Strike 3 Holdings, LLC ("Plaintiff") for leave to serve a third-party subpoena on Comcast Cable prior to the Rule 26(f) conference, pursuant to Federal Rule of Civil Procedure 26(d)(1) (the "Motion"). (ECF No. 7). This Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered Plaintiff's written submissions, and for the reasons set forth below, Plaintiff's Motion is **GRANTED.**

**I.**      **BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff[1] is a Delaware limited liability company. (ECF No. 1 ¶ 11). It creates "adult motion pictures." (*Id.* ¶ 2). Plaintiff alleges that John Doe subscriber assigned IP address 73.196.45.127 ("Defendant") has committed copyright infringement by downloading 26 of Plaintiff's motion pictures using BitTorrent protocol. (*Id.* ¶ 4). BitTorrent is a system designed to quickly distribute large files over the internet by connecting to the computers of other BitTorrent users to simultaneously download and upload files from and to other users. (*Id.* ¶ 17). The identity of Defendant is currently unknown, except by the IP address.

---

[1] Plaintiff has filed over 1,000 of these types of cases in this District since 2017.

Plaintiff owns and operates an infringement detection system named "VXN Scan" and the "Cross Reference Tool." (*Id.* at ¶ 27). VXN Scan and Cross Reference Tool collectively determined that Defendant shared pieces of 26 digital media files that have been found to be identical or substantially similar to copyrighted works that Plaintiff owns. (*Id.* ¶¶ 31, 41, 43, 44). Plaintiff alleges Defendant violated the Copyright Act, 17 U.S.C. §§ 106, 501.

Plaintiff filed its Complaint on November 25, 2025. (ECF No. 1). In the instant Motion, Plaintiff seeks leave to serve a third-party subpoena on Defendant's internet service provider, Comcast Cable, prior to the Rule 26(f) conference to ascertain the name and address of the subscriber assigned to that IP address.

## II.      LEGAL ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," absent a court order. Rule 26(d) does not set a standard for determining when expedited discovery should be permitted. *Strike 3 Holdings, LLC v. Doe*, 2020 U.S. Dist. LEXIS 114598, at *9 (D.N.J. June 30, 2020) (citations omitted). "Absent guidance from the rule itself, courts in this District have fashioned two standards for assessing whether expedited discovery is appropriate[.]" *Id.* One of those standards is the "good cause" test, which is often applied when courts are "faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases[.]" *Id.* at *10 (quoting *Modern Woman, LLC v. John Does 1-X*, No. 12-4859, 2013 U.S. Dist. LEXIS 26222, at * 2 (D.N.J. Feb. 26, 2013) (citations omitted)). "Under the good cause test, whether to permit expedited discovery is decided by considering the totality of the circumstances and the balancing of the interests of the plaintiff and defendant." *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 U.S. Dist. LEXIS 30119, at *3 (D.N.J. May 17, 2006). "Good cause exists where the 'need for expedited discovery, in consideration of the administration of justice, outweighs the

prejudice to the responding party.'" *Strike 3 Holdings, LLC*, 2020 U.S. Dist. LEXIS 114598, at *10 (quoting *Malibu Media, LLC v. John Doe*, No. 16-942, 2016 U.S. Dist. LEXIS 32445, at *1 (D.N.J. Mar. 14, 2016) (citation omitted)). A court should also consider: (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens the defendant; and (5) whether the defendant can respond to the request in an expedited manner. *Strike 3 Holdings, LLC*, 2020 U.S. Dist. LEXIS 114598, at *10-11 (citing *Better Packages*, 2006 U.S. Dist. LEXIS 30119, at *3).

Plaintiff contends there is good cause to permit the issuance of a subpoena because: (1) it has made a *prima facie* showing of infringement; (2) the subpoena will aid in identifying the John Doe Defendant; (3) the request is narrowly tailored because it only seeks the name and address of the John Doe Defendant; (4) this information is crucial because Plaintiff needs to serve Defendant with the Complaint; (5) there is no burden on Defendant; and (6) there are no alternative methods available to identify the John Doe Defendant.

Courts throughout this District have recently found there was good cause to permit issuance of a third-party subpoena to internet service providers to uncover the identity of a John Doe defendant in several other cases that Plaintiff has filed in this District.[2] Having considered Plaintiff's application, the Court finds that good cause exists to permit limited discovery prior to the Rule 26(f) conference. Plaintiff submitted this Motion in a timely manner. The request is narrowly tailored because it only seeks the name and address of Defendant, located at the specified IP address. The information is necessary to allow Plaintiff to identify Defendant and serve an Amended Complaint. This discovery

---

[2] *See Strike 3 Holdings, LLC v. Doe*, No. 24-976, 2024 U.S. Dist. LEXIS 38961 (D.N.J. Mar. 6, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 24-6533, 2024 U.S. Dist. LEXIS 109625 (D.N.J. June 20, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 24-7223, 2024 U.S. Dist. LEXIS 146786 (D.N.J. Aug. 16, 2024); *Strike 3 Holdings, LLC v. Doe*, No. 24-7300, 2024 U.S. Dist. LEXIS 146788 (D.N.J. Aug. 16, 2024).

does not burden Defendant — the subpoena is directed to the internet service provider, not Defendant. Accordingly, Plaintiff is granted leave to serve Comcast Cable with a Rule 45 subpoena for the sole purpose of obtaining Defendant's name and address.

Nothing in this decision is intended to constitute a finding that the IP address holder is responsible for the infringement. *See Strike 3 Holdings, LLC*, 2024 U.S. Dist. LEXIS 38961, at *7 ("The Court further recognizes that the IP account holder may not be personally responsible for the infringement, but the IP account holder might possess information that assists in identifying the alleged infringer, and thus the information is discoverable under the broad scope of Rule 26." (citations omitted)).

### III.     CONCLUSION

In summary, the Court finds good cause exists to allow Plaintiff to serve a third-party subpoena to Defendant's internet service provider Comcast Cable to ascertain *only* Defendant's name and address. No other information shall be sought. Plaintiff shall attach a copy of the Order to the subpoena.

For the foregoing reasons, Plaintiff's Motion is **GRANTED.** The Clerk of the Court is respectfully directed to terminate the Motion at ECF No. 7.

**Dated: January 29, 2026**

*s/ Stacey D. Adams*  
Hon. Stacey D. Adams  
United States Magistrate Judge